UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| Clark, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Edwards, *et al*., <br><br> Defendants, <br><br> c/w | Civil Action: 20-cv-308-SDD-RLB |
| Power Coalition for Equity and Justice, *et al.,* <br><br> Plaintiffs, <br> v. <br><br> John Bel Edwards, the Governor of the State of Louisiana, in his Official Capacity, *et al*., <br><br> Defendants, <br><br>    and <br><br> The State of Louisiana, <br><br> Proposed Intervenor. | Civil Action: 20-cv-283-SDD-RLB |

**THE STATE OF LOUISIANA'S MEMORANDUM IN SUPPORT OF ITS UNOPPOSED MOTION TO INTERVENE**

The State of Louisiana, by and through Jeff Landry, in his official capacity as Attorney General of Louisiana, pursuant to Fed. R. Civ. P. 24(a) or, in the alternative (b)(1) or (2), moves this Court for an order allowing the State of Louisiana to intervene in *Power Coalition for Equity and Justice, et al. v. Edwards, et al.*, No. 20-cv-283 (M.D. La.). Each party in the *Power Coalition* litigation does not oppose the State's intervention.

## INTRODUCTION

On May 7, 2020, the Power Coalition for Equity and Justice, the Louisiana State Conference of the NAACP, and four individual Plaintiffs (collectively "Power Coalition Plaintiffs") brought a Complaint (ECF No. 1) seeking declaratory and injunctive relief claiming that, as a result of COVID-19, Louisiana's election laws violate Plaintiffs' First and Fourteenth Amendment Rights as well as the Voting Rights Act. Power Coalition Plaintiffs brought suit against Governor John Bel Edwards, Secretary Kyle Ardoin, Registrar Steve Raborn, and Sandra L. Wilson, all in their official capacities. *Power Coalition for Equity and Justice v. Edwards*, No. 20-cv-283-BAJ (M.D. La) (*filed* May 7, 2020) (hereinafter "Power Coalition Litigation").

Shortly thereafter, on May 19, 2020, the Louisiana League of Women Voters, Crescent City Media Group, and three individual Plaintiffs (collectively "Clark Plaintiffs") brought suit alleging nearly identical claims as were sought in the Power Coalition Litigation. *See Clark v. Edwards*, No. 20-cv-308-SDD (M.D. La.) (*filed* May 19, 2020) (hereinafter "Clark Litigation"). The Clark Plaintiffs brought suit against the following, all in their official capacities: Governor Edwards, Secretary Ardoin, Attorney General Landry, Terrebonne Parish Registrar Rogers, and Lafayette Parish Registrar Menard.

On May 26, 2020, the registrars in the Power Coalition Litigation filed an unopposed motion to consolidate the two cases. *See* (ECF No. 15). That motion was granted on June 3, 2020 (ECF No. 28). On the same day, Judge Jackson recused himself from the Power Coalition Litigation, thereby making, by order of the Court, the Clark Litigation the lead consolidated case. The Attorney General, on behalf of the State of Louisiana, seeks to intervene in the Power Coalition Litigation so that its rights may be applied equally to the two now consolidated cases.

Therefore, Applicant, the Attorney General of Louisiana, on behalf of the State of Louisiana, files this Motion to Intervene based on established judicial precedent and the powers conferred upon him by the laws and constitution of the State of Louisiana, federal law, and the Federal Rules of Civil Procedure.

**ARGUMENT**

**I.    THE STATE OF LOUISIANA MAY INTERVENE.**

**A. The State's Motion to Intervene is Unquestionably Timely.**

Irrespective of whether intervention is brought under 24(a) or (b), it must be timely. *Aubin v. Columbia Gas Co.,* 2017 U.S. Dist. LEXIS 59405, *8 (M.D. La. Apr. 19, 2017). Timeliness "is to be determined from all the circumstance." *Stallworth v. Monsanto*, *Co.,* 558 F.2d 257, 263 (5th Cir. 1977). The following factors are used to determine the timeliness of a motion to intervene:

> (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case; (3) the extent of prejudice to the proposed intervenor if he is not allowed to intervene; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Aubin*, 2017 U.S. Dist. LEXIS 59405 at *7-8 (quoting *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005)).

In this instance, the Attorney General's motion is clearly timely. Plaintiffs filed their lawsuit a mere 29 days ago. Likewise, there will be no prejudice to any of the existing parties as the State of Louisiana is ready to comply with the current case schedule with the attached Answer and Motion to Dismiss being filed even before the current party defendants have filed responsive pleadings. The State of Louisiana intends to respond to Power Coalition Plaintiffs' Motion for

3

Preliminary Injunction when a response is due under the rules or as ordered by the Court.[1] Also, the Attorney General is already a party in the Clark Litigation where he will be representing the interests of the State of Louisiana. As the cases have been consolidated there is no prejudice by allowing the Attorney General to intervene when he is already a named party in one of the two consolidated cases.

By contrast, the prejudice to the State if intervention is denied is great. The Attorney General of Louisiana is empowered by the Louisiana Constitution to intervene in any civil case to protect the interests of the State. The Louisiana Constitution declares that:

> [a]s necessary for the assertion or protection of any right or interest of the state, the attorney general shall have authority (1) to . . . intervene in any civil action or proceeding; . . . and (3) for cause, when authorized by the court which would have original jurisdiction and subject to judicial review . . . to supersede any attorney representing the state in any civil . . . action.

La. Const. art. IV, § 8; *see also* La. R.S. 36:701(A) (the Louisiana "Department of Justice . . . shall be a body corporate with the power to sue and be sued."). The people of Louisiana expect their interests to be represented by the one elected to serve that role. *See* La. R.S. 36:702(1) (the Attorney General shall "[r]epresent the public interest in the administration of this Chapter and shall be responsible to the legislature and the public therefor."). Denying the intervention of the State causes prejudice to not only the Attorney General but to the people of Louisiana as well. The Attorney General also has a right under state law to defend the constitutionality of the challenged statutes. The Louisiana Attorney General's right to defend the constitutionality of state laws is codified in La. C.C.P. art. 1880, which states that "[i]f the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the

---

[1] The State has sought and obtained an expert to respond to Plaintiffs' claims in both the *Power Coalition* and *Clark* cases. The State will request, at the appropriate time and in light of consolidation—including Clark Plaintiffs' Motion for Preliminary Injunction (currently subject to a motion for additional pages)—that the briefing schedule to the Preliminary Injunction motions be unified.

4

proceeding and be entitled to be heard." Additionally, La. R.S. 49:257(C) states, "[N]otwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation of the interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the legislature is challenged or assailed." And as has been recognized by the Supreme Court, standing to defend the laws of a State are prescribed by state law. *See Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1951 (2019).

Therefore, for those reasons, and many others, the State of Louisiana's intervention is timely and allowed under the law.

### B. The State of Louisiana Should be Permitted to Intervene as a Matter of Right.

Under Fed. R. Civ. P. 24(a)(2), intervention as of right must be granted when the following four requirements are met:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Sierra Club v. Espy,* 18 F.3d 1202, 1204 (5th Cir. 1994) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipeline Co.,* 732 F.2d 452, 463 (5th Cir. 1984)). The Louisiana Attorney General, on behalf of the State of Louisiana, meets all of the requisite elements.

As stated *supra,* the State of Louisiana's motion is timely.

The State has an overwhelming interest in the subject of the action. While in the Fifth Circuit, an intervenor need not "independently possess standing . . .", *Ruiz v. Estelle*, 161 F.3d 814, 830 (5th Cir. 1998), it is unquestionable that "a State has standing to defend the constitutionality of its statute." *Va. House of Delegates*, 139 S. Ct. at 1951. In Louisiana, it is the Attorney General

5

who is designated by law as the one who has the power to speak for Louisiana "as a sovereign entity with a single voice." *Id.* at 1952 (holding that government standing is, in part, prescribed by state law). The Attorney General is the "chief legal officer of the state," La. Const. art. IV, § 8, and he is authorized to act and intervene on behalf of the State pursuant to the Louisiana Constitution. *See* La. Const. art. IV, § 8; *see also* LA R.S. 36:701(A) (the Louisiana "Department of Justice . . . shall be a body corporate with the power to sue and be sued.").

Here, the Attorney General is asserting his right to intervene to speak for the State and its interests. *See* La. Const. art. IV, § 8. As such, the State should be permitted to intervene. *See* Order, *Jane Doe I, et al. v. Juana Marine-Lombard*, No. 16-cv-14876 (E.D. La. Nov. 3, 2016) (order granting the State of Louisiana's motion to intervene in a case where a state agency was already a party); *Aubin*, 2017 U.S. Dist. LEXIS 59405 at *12; *cf. Va. House of Delegates*, 139 S. Ct. at 1951 (holding a single body of a state legislature lacked standing to appeal because state law directed that the Attorney General be the designated officer for the State).

Likewise, disposition of this action without the State of Louisiana will impair the State's interests. The Louisiana Constitution and federal law acknowledge that it is the Attorney General, as the chief legal officer of the State, who has the primary interest in defending the constitutionality of state statutes. *See* La. Const. art. IV, § 8; 28 U.S.C. § 2403(b) (discussed in greater depth *infra*). Passing judgment upon the constitutionality of a state statute without permitting the State's chief legal officer to be heard on those issues undeniably impairs the State's interests, and therefore the interests of the people of Louisiana.

Finally, none of the existing Defendants in the Power Coalition Litigation adequately represent the interests of *the State*. Inadequacy of representation "is satisfied if the applicant shows that representation 'may be' inadequate" and this burden is treated as "minimal." *Trbovich v.*

*United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). "In a suit involving a matter of sovereign interest, the State is presumed to represent the interests of all its citizens." *Hoffman v. Jindal*, 2016 U.S. Dist. LEXIS 99371 at *20. None of the existing Defendants are permitted to represent the interests of the State once the Attorney General invokes his right to do so. *See* La. Cost. Art. IV, § 8; *cf. Va. House of Delegates*, 139 S. Ct. at 1951 (holding that federal court standing is determined, in part, by state law). Therefore, this Court should grant Applicant's Motion to Intervene.

### C. Permissive Intervention Should be Granted.

Fed. R. Civ. P. 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." The Attorney General is given an unconditional right to intervene when:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, . . . and shall permit the State to intervene for presentation of evidence . . . and for argument on the question of constitutionality. The State shall . . . have all the rights of a party and be subject to all liabilities of a party . . . .

28 U.S.C. § 2403(b). The Attorney General maintains that 28 U.S.C. § 2403(b) confers an unconditional right to intervene here. However, at minimum, this statute grants the Attorney General a conditional right to intervene. Power Coalition Plaintiffs are challenging the constitutionality of state law under the First and Fourteenth Amendments. As the statutes in question are voting regulations, the statutes are unquestionably affecting the public interest. *See Aubin*, 2017 U.S. Dist. LEXIS 59405 at *11-12 (quoting *O'Keefe v. New York City Bd. of Elections*, 246 F.Supp. 978, 980 (S.D.N.Y. 1965)).

Finally, permissive intervention is appropriate under Fed. R. Civ. P. 24(b)(1)(B) and 24(b)(2). Judicial economy will be promoted by allowing the Attorney General to intervene in the

Power Coalition Litigation as he is already a party in the Clark Litigation. No undue prejudice nor any other negative impact will result from equalizing the parties of the two substantially similar cases. The questions of law and fact are nearly identical in the two cases and the defenses will be substantially similar. Furthermore, the defenses articulated in the attached Answer, as well as those to be articulated in the forthcoming motion to dismiss, share with the main action a common question of law and fact. Intervention is also proper under Fed. R. Civ. P. 24(b)(2) as the Attorney General is the chief law enforcement officer of the State and may be asked to prosecute voter fraud should it arise. La. Const. art. IV, § 8; La. R.S.18:1461.2; La R.S. 18:1412.

## CONCLUSION

For the aforementioned reasons, this Court should permit the Attorney General to intervene on behalf of the State of Louisiana and to defend its interests herein.

Dated: June 5, 2020                                                          Respectfully Submitted,

JEFF LANDRY
ATTORNEY GENERAL

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel (La. Bar Roll No. 28561)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division
P. O. BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6017
Facsimile: (225) 326-6098
Email: freela@ag.louisiana.gov


Jason B. Torchinsky*
Phillip M. Gordon*
Holtzman Vogel Josefiak Torchinsky PLLC
45 N. Hill Dr., Suite 100

Warrenton, VA 20186
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: jtorchinsky@hvjt.law
pgordon@hvjt.law
*pro hac vice* motions forthcoming

*Counsel for Applicant the State of Louisiana*

## CERTIFICATE OF SERVICE

I do hereby certify that, on this 5th day of June 2020, the foregoing Memorandum in Support of Motion to Intervene was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel

*Counsel for Applicant the State of Louisiana*