**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| Power Coalition for Equity and Justice, *et al.,*<br><br>Plaintiffs,<br><br>v.<br><br>John Bel Edwards, the Governor of the State of Louisiana, in his Official Capacity, *et al.*,<br><br>Defendants,<br><br>and<br><br>The State of Louisiana,<br><br>Proposed Intervenor. | Civil Action: 20-cv-283-BAJ-EWD |

**ANSWER ON BEHALF OF PROPOSED INTERVENOR THE STATE OF LOUISIANA**

NOW INTO COURT, through undersigned counsel, comes Proposed Intervenor, Jeff Landry in his official capacity as Attorney General of the State of Louisiana, on behalf of the State of Louisiana, who denies each and every allegation of the Complaint except as expressly admitted in this Original Answer on behalf of Proposed Intervenor, and who responds as follows:

**PRELIMINARY STATEMENT**

A. The section headers in Plaintiffs' Complaint are not factual or legal statements to which any response is required. To the extent a response is required, they are denied. Furthermore, the headers in this Answer are neither an admission nor a denial and are intended to mimic the style of Plaintiffs' Complaint for organization and ease of reading.

1. The allegations in Paragraph 1 are admitted.

1

2. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 2 are denied as written.

3. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 3 are denied.

4. The allegations in Paragraph 4 are denied.

5. The allegations in Paragraph 5 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

6. The allegations in Paragraph 6 are denied.

7. Admitted that the Emergency Election Plan was approved by the Louisiana Legislature on April 27, 2020. Admitted that the Emergency Election Plan applies only to the July 11 and August 15 elections. The remaining allegations of Paragraph 7 are denied.

8. The allegations in Paragraph 8 are denied.

9. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 9 are denied.

10. The content of La. R.S. 18:1306E(2)(a) speaks for itself and therefore no response is required. The remaining allegations in Paragraph are legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 10 are denied.

11. Allegations of "undue burden" in Paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 11 are denied. The State is without sufficient knowledge to admit or deny the remaining allegations; to the extent a response is required, the allegations are denied.

12. The content of La. R.S. 18:1307 speaks for itself and therefore no response is required. The remaining allegations in Paragraph 12 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

13. The content of La. R.S. 18:1309 speaks for itself and therefore no response is required. The remaining allegations in Paragraph 13 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

14. The allegations of "unreasonable burdens" in Paragraph 14 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied. The State is without sufficient knowledge to admit or deny the remaining allegations; to the extent a response is required, the allegations in Paragraph 14 are denied.

15. The allegations of "disproportionate[] impact" in Paragraph 15 are legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 15 are denied. The referenced demographic data speaks for itself and is the best evidence of its contents; to the extent a response is required, the allegations are denied. Further, the State is without sufficient knowledge to admit or deny the remaining allegations; to the extent a response is required, the allegations are denied.

16. The allegations in Paragraph 16 are denied.

## JURISDICTION AND VENUE

17. The allegations in Paragraph 17 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied. The State specifically denies subject matter jurisdiction as the alleged harms in the Complaint are not a result of state action.

3

18. The allegations in Paragraph 18 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied. The State specifically denies that the alleged violations concern state conduct.

19. The allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

20. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations are denied.

## PARTIES

21. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 21 are denied.

22. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 22 are denied.

23. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 23 are denied.

24. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 24 are denied.

25. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 25 are denied.

26. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 26 are denied.

27. Admitted that John Bel Edwards is the Governor of Louisiana. The statutes referenced speak for themselves and are the best evidence of their contents; to the extent a response is required,

the allegations are denied. The remaining allegations in Paragraph 27 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

28. Admitted that Kyle Ardoin is the Louisiana Secretary of State. The statutes referenced speak for themselves and are the best evidence of their contents; to the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 28 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

29. Admitted that Steve Raborn is the Registrar of Voters for East Baton Rouge Parish and a member of the East Baton Rouge Parish Board of Election Supervisors. The remaining allegations in Paragraph 29 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

30. Admitted that Sandra L. Wilson is the Registrar of Voters for Orleans Parish and a member of the Orleans Parish Board of Election Supervisors. The remaining allegations in Paragraph 30 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

**STATEMENT OF FACTS**

31. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 31 are denied as written.

32. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 32 are denied as written.

33. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 33 are denied as written.

34. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 34 are denied as written.

35. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 35 are denied.

36. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 36 are denied.

37. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 37 are denied.

38. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 38 are denied.

39. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 39 are denied.

40. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 40 are denied.

41. The data referenced speaks for itself and is the best evidence of its contents; to the extent a response is required, the allegations in Paragraph 41 are denied as written.

42. Admitted that various Louisiana state and local elected officials have issued orders in response to COVID-19. The content of any proclamation speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 42 is denied as written.

43. The content of Proclamation No. 25 JBE 2020 speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 44 are denied.

44. The content of Proclamation No. 27 JBE 2020 speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 44 are denied.

45. Admitted that Proclamation No. 28 JBE 2020 rescheduled elections. The content of Proclamation No. 28 JBE 2020 speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 45 are denied.

46. The content of any Court order speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 46 are denied.

47. Admitted that Governor Edwards issued Proclamation No. 30 JBE 2020 on March 16, 2020. The contents of Proclamation No. 30 JBE 2020 speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 47 are denied.

48. Admitted that Governor Edwards issued Proclamation No. 33 JBE 2020 on March 22, 2020. The content of Proclamation No. 33 JBE 2020 speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 48 are denied.

49. The full text of the cited Press Release is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegation in Paragraph 49 are denied.

50. Admitted.

51. Admitted.

52. Admitted that Governor Edwards announced an extension of the stay at home order in a press release. Admitted that the Governor issued Proclamation 52 JBE 2020 on April 30, 2020. The contents of Proclamation No. 27 JBE 2020 and the Governor's press release speak for themselves and are the best evidence of their contents; therefore no response is required. To the extent a response is required, the remaining allegations in Paragraph 52 are denied.

53. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 53 are denied. Further, the census and underlying demographic information are the best evidence of their contents; to the extent a response is required, the allegations are denied as written.

54. Admitted that the Governor formed a "Health Equity Task Force." The State is without sufficient knowledge to admit or deny the remaining allegations; to the extent a response is required, the allegations in Paragraph 54 are denied. Further, the census and underlying demographic information are the best evidence of their contents; to the extent a response is required, the allegations are denied as written.

55. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 55 are denied. Further, the underlying

8

demographic information is the best evidence of its contents; to the extent a response is required, the allegations are denied.

56. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 56 are denied. Further, the census and underlying demographic information are the best evidence of their contents; to the extent a response is required, the allegations are denied.

57. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 57 are denied. Further, the underlying demographic information is the best evidence of its contents; to the extent a response is required, the allegations are denied.

58. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 58 are denied. Further, the census and underlying demographic information are the best evidence of their contents; to the extent a response is required, the allegations are denied.

59. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 59 are denied.

60. Admitted that the CDC has issued "Recommendations for Election Polling Locations." The contents of the CDC's published Recommendations speaks for itself and is the best evidence of its contents; to the extent a response is required, the allegations in Paragraph 60 are denied.

61. The contents of the CDC's published Recommendations speaks for itself and is the best evidence of its contents; to the extent a response is required, the allegations in Paragraph 61 are denied.

62. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 62 are denied.

63. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 63 are denied.

64. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 64 are denied.

65. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 65 are denied.

66. Admitted that four elections are scheduled in Louisiana between May and December 31, 2020. The remaining allegations in Paragraph 66 to the extent they seek to characterize the elections are denied.

67. The contents of the referenced Louisiana statutes speak for themselves and are the best evidence of their contents; therefore no response is required. To the extent a response is required, the allegation is denied. The remaining allegations in Paragraph 67 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

68. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 68 are denied.

69. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 69 are denied.

70. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 70 are denied.

71. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 71 are denied.

72. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 72 are denied.

73. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 73 denied.

74. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 74 are denied.

75. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 75 are denied.

76. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 76 are denied.

77. The contents of the referenced Louisiana statute and absentee ballot application speak for themselves and are the best evidence of their contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 77 are denied.

78. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 78 are denied.

79. Admitted.

80. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 80 are denied.

81. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 81 are denied.

82. The content of the referenced Louisiana statute speaks for itself and is the best evidence of its contents; therefore no response is required. To the extent a response is required, the allegations in Paragraph 82 are denied.

83. The content of Proclamation and Emergency Plan referenced in Paragraph 83 is the best evidence of its contents and speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 83 are denied. The State is without sufficient

knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 83 are denied.

84. The content of the "First Emergency Election Plan" referenced in Paragraph 84 is the best evidence of its contents and speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 84 are denied.

85. The content of the First Emergency Election Plan referenced in Paragraph 85 is the best evidence of its contents and speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 85 are denied.

86. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 86 are denied.

87. The content of the revised Emergency Election Plan referenced in Paragraph 87 speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 87 is denied.

88. Admitted that the Emergency Plan was approved by the Louisiana Legislature on April 27, 2020.

89. The content of the Emergency Election Plan speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 89 are denied.

90. The content of the Emergency Election Plan speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 90 are denied.

91. The content of the Emergency Absentee Ballot Application speaks for itself; therefore no response is required. To the extent a response is required, the allegations in Paragraph 91 are denied.

## ARGUMENT

92. The allegations in Paragraph 92 are denied.

93. The allegations in Paragraph 93 are denied.

94. Admitted that in person voting cannot be done from home. The remainder of the allegations in Paragraph 94 are denied.

95. The allegations in Paragraph 95 are denied.

96. The allegations in Paragraph 96 are denied.

97. The allegations in Paragraph 97 are denied.

98. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 98 are denied.

99. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 99 are denied.

100. Admitted that the current Emergency Election Plan applies to only the July 11 and August 15 elections. The remaining allegations in Paragraph 100 are denied.

101. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 101 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

102. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 102 are denied.

103. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 103 are denied as written.

104. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 104 are legal conclusions to which no response is required; to the extent a response is required, the allegations in Paragraph 104 are denied as written.

105. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 105 are denied.

106. The allegations in Paragraph 106 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

107. The allegations in Paragraph 107 are denied.

108. The allegations in Paragraph 108 are denied.

109. The allegations in Paragraph 109 are denied.

110. The allegations in Paragraph 110 are denied.

111. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations are denied. Further, the census and underlying demographic information are the best evidence of their contents; to the extent a response is required, the allegations in Paragraph 111 are denied.

112. The allegations in Paragraph 112 are denied.

113. The allegations in Paragraph 113 are denied.

114. The State is without sufficient knowledge to admit or deny the allegations; to the extent a response is required, the allegations in Paragraph 114 are denied.

115. The allegations in Paragraph 115 are denied.

**COUNT I**

116. The State of Louisiana hereby incorporates Paragraphs 1-116 as if copied *in extenso*.

117. The allegations in Paragraph 117 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

118. The allegations in Paragraph 118 are denied.

119. The allegations in Paragraph 119 are denied.

120. The allegations in Paragraph 120 are denied.

121. Admitted that there exists a ballot witness requirement. The remainder of the allegations in Paragraph 121 are denied.

122. The allegations in Paragraph 122 are denied.

123. Admitted that the State has a significant interest in the integrity of its elections. The remaining allegations in Paragraph 123 are denied.

## COUNT II

124. The State of Louisiana hereby incorporates Paragraphs 1-123 as if copied *in extenso*.

125. The allegations in Paragraph 125 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

126. The allegations in Paragraph 126 are legal conclusions to which no response is required; to the extent a response is required, the allegations are denied.

127. The allegations in Paragraph 127 are legal conclusions to which no response is required, to the extent a response is required, the allegations are denied.

128. The allegations in Paragraph 128 are denied.

129. The allegations in Paragraph 129 are denied.

130. The allegations in Paragraph 130 are denied.

131. The allegations in Paragraph 131 are denied.

132. The allegations in Paragraph 132 are denied.

133. The allegations in Paragraph 133 are denied.

134. The allegations in Paragraph 134 are denied.

## REQUEST FOR RELIEF

135. The allegations in the Request for Relief require no answer. To the extent a response is required, the State of Louisiana denies that Plaintiffs are entitled to any of the relief they seek.

## **Affirmative Defenses**

136. The State reserves the right to file a motion to dismiss and to provide its Answer to comply with Fed. R. Civ. P. 24(c).

137. The Court lacks subject matter jurisdiction over Plaintiffs' claims due to issues of ripeness, standing, and the political question doctrine.

138. Plaintiffs have failed to state a claim upon which relief can be granted.

139. Plaintiffs have failed to join the required parties under Rule 19.

140. The Court should decline to proceed under the Supreme Court's precedent in *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam).

141. Plaintiffs' claims fail on the merits.

142. Additional defenses may not be alleged herein due to the unavailability of all the facts, after reasonable inquiry, necessary to determine what additional defenses may be available, and therefore the State reserves the right to amend its Answer to allege additional defenses, if subsequent investigation so warrants.

143. The State specifically denies those allegations in the Amended Complaint, which

are not specifically admitted herein.

**WHEREFORE**, the State of Louisiana states as follows:

1) That this Answer be deemed good and sufficient;

2) That, after all proceedings are had, there be judgment rendered in the State's favor, dismissing Plaintiffs' claims with prejudice and at their cost;

3) For all general and equitable relief that justice requires, including but not limited to an award of Defendants' attorneys' fees and reasonable costs.

Dated: June 5, 2020                    RESPECTFULLY SUBMITTED,

JEFF LANDRY
ATTORNEY GENERAL

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel (La. Bar Roll No. 28561)
Assistant Attorneys General
Louisiana Department of Justice
Civil Division
P. O. BOX 94005
Baton Rouge, Louisiana 70804-9005
Telephone: (225) 326-6017
Facsimile: (225) 326-6098
Email: freela@ag.louisiana.gov

Jason B. Torchinsky*
Phillip M. Gordon*
Holtzman Vogel Josefiak Torchinsky PLLC
45 N. Hill Dr., Suite 100
Warrenton, VA 20186
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: jtorchinsky@hvjt.law
pgordon@hvjt.law
**pro hac vice* motions forthcoming*

*Counsel for Intervenor-Defendant the State of Louisiana*

18

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that, on this 5th day of June 2020, the foregoing Answer was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel
